# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60175
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2019

Lyle W. Cayce
Clerk

In the Matter of: ALABAMA-MISSISSIPPI FARM INCORPORATED

     Debtor

REACH, INCORPORATED,

     Appellant

v.

J. STEPHEN SMITH,

     Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-350

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

     In the bankruptcy of Alabama-Mississippi Farm, Inc., one of the debtor's assets, a farm, was sold free and clear of any interests. Reach, Inc., a creditor, tried to claim a security interest in the farm and to stop the farm's sale. But

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60175

instead of following the regular procedures—filing a timely proof of claim and a timely objection to the sale—Reach made two irregular filings: (i) a six-months-late proof of claim asserting a claim secured by the farm, filed eight days before the farm's sale; and (ii) a post-sale complaint commencing an adversary proceeding in which Reach sought an injunction prohibiting the already-consummated sale and requested an order stating that Reach held a security interest in the farm. The bankruptcy court disallowed Reach's proof of claim, and Reach did not file a timely appeal of that decision.

Later, the bankruptcy court rendered judgment against Reach in the adversary proceeding that Reach initiated. The bankruptcy court reasoned that it was impossible to enjoin the farm's sale because it had already taken place. The bankruptcy court also reasoned that its order denying Reach's proof of claim decided the issue of whether Reach held a security interest in the farm, so Reach could not relitigate the issue in an adversary proceeding. Reach appealed the bankruptcy court's decision to the district court, but the district court dismissed that appeal as moot. For the following reasons, we AFFIRM.

**I.**

Alabama-Mississippi Farm, Inc. filed for bankruptcy on March 31, 2016, and one of the assets listed as part of the bankruptcy estate was a 320-acre farm in Decatur, Mississippi. Alabama-Mississippi Farm listed Reach, Inc. as an unsecured creditor in its bankruptcy schedules. On January 25, 2017, the trustee, J. Stephen Smith, moved the bankruptcy court to sell the farm free and clear of any interest in the property pursuant to 11 U.S.C. § 363(b), (f). Reach did not object to that motion, which the bankruptcy court granted on March 16, 2017.

The trustee filed a notice of sale, informing all creditors and interested parties that the farm was going to be sold at a May 19, 2017 auction. Eight days before that auction—and over six months after the bankruptcy court's

proof-of-claim deadline—Reach filed a proof of claim asserting a claim secured by the farm. Within days, the trustee filed an objection to Reach's proof of claim. Then, the day before the auction, Reach filed an "objection" to the sale of the farm, which was actually an affirmative request for relief. Specifically, Reach sought an injunction against the sale of the farm and an "order that Reach, Inc. has a secured priority claim in said real estate."

Notwithstanding Reach's last-minute filings, the farm was sold at auction as scheduled. Shortly thereafter, on May 23, 2017, the trustee moved the bankruptcy court to confirm the sale and approve payment of the auctioneer's fee and expenses. Reach did not object to this motion, but while the motion was pending, on June 13, 2017, Reach filed a complaint commencing an adversary proceeding that again sought an injunction against the sale of the farm and an order stating that Reach had a secured claim. The bankruptcy court granted the trustee's motion on June 22, 2017 and thereby confirmed the sale of the farm. Then, on July 5, 2017, the bankruptcy court entered an order disallowing Reach's proof of claim, because Reach never responded to the trustee's objection.

Reach filed a notice of appeal challenging the bankruptcy court's order confirming the sale of the farm on July 13, 2017, more than 14 days after the that order was entered. *See* Fed. R. Bankr. P. 8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."). On October 23, 2017, Reach filed an amended notice of appeal challenging the bankruptcy court's order disallowing Reach's proof of claim; the amended notice of appeal was also filed more than 14 days after entry of the order it challenged. The district court dismissed Reach's appeal, reasoning that both the original and the amended notices of appeal were untimely. Reach did not take a further appeal of the district court's decision.

3

No. 19-60175

Following the dismissal of Reach's appeal, the bankruptcy court held a bench trial in Reach's adversary proceeding. After Reach put on its case, the bankruptcy court rendered judgment in favor of the trustee. The bankruptcy court denied Reach's request for an injunction against the sale of the farm because "the Court cannot enjoin a sale that already has occurred." The bankruptcy court denied Reach's request for a secured claim because the July 5 order disallowing Reach's proof of claim decided that issue and because "Reach may not receive another opportunity to argue the merits of its case simply because it failed to file a responsive pleading to the Trustee's Objection to Reach's [proof of claim] in a timely manner."

Reach appealed the bankruptcy court's judgment to the district court. The district court dismissed Reach's appeal as moot. According to the district court, 11 U.S.C. § 363(m) "prevents appellate rulings—like the one Reach now seeks—that would undo a final sale to a good-faith purchaser absent a stay pending appeal." Consequently, the district court concluded that both "the request to enjoin the already-consummated sale" and the "request to establish a security interest in the Decatur property" were moot.

## II.

Reach's request for an injunction barring the farm's sale is moot, but Reach's request for a security interest in the farm's proceeds[1] is not. Section 363(m) does not explicitly bar appellate courts from reviewing consummated sales. Instead, the statute merely limits the effect of an appellate ruling:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does

---

[1] While Reach's complaint refers to a security interest in the farm—not a security interest in the farm's proceeds—the bankruptcy court understood Reach to be seeking "a secured claim in the proceeds of the sale of the subject property." Treating Reach's request for a security interest in the farm as a request for a security interest in the farm's proceeds makes sense, because "a security interest attaches to any identifiable proceeds of collateral." U.C.C. § 9-315(a)(2).

4

> not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m); *see New Indus., Inc. v. Byman (In re Sneed Shipbuilding, Inc.)*, 916 F.3d 405, 409-10 (5th Cir. 2019) ("The statute assures purchasers that once the bankruptcy court approves the sale and it is consummated (that is, the order is not stayed), then no appellate court can later second-guess the deal."). By limiting the effect of appellate review, § 363(m) renders some cases moot. After all, if an appellate reversal would have no effect on the litigants, then there would usually be no justiciable case or controversy for us to decide. Thus, when providing relief would require the invalidation of a sale to a good-faith buyer, § 363(m) effectively precludes appellate review. For this reason, the district court correctly determined that § 363(m) prevents appellate review of the bankruptcy court's decision to deny Reach's request for an injunction prohibiting the already-consummated sale.

In principle, however, there is no reason why § 363(m) would bar appellate review of the distribution of sale proceeds, because that issue does not implicate the validity of the sale. Our precedent complicates the point, however, because we recently held that § 363(m) bars appellate review of the distribution of sale proceeds, at least when the sale and the distribution are "mutually dependent." *Sneed Shipbuilding*, 916 F.3d at 410. While we are bound by *Sneed Shipbuilding*'s reading of the statute, there is nothing in the record that suggests that the sale of the farm was dependent on how the proceeds of that sale were to be distributed. We are thus free to consider whether Reach was entitled to a secured claim in those proceeds.

The bankruptcy court correctly determined that Reach could not reargue the merits of its request for a claim secured by the farm—or its proceeds—by

prosecuting an adversary proceeding. Reach raised that same issue when it filed its proof of claim, and the bankruptcy court resolved the issue by disallowing the claim. Reach did not file a timely appeal, so the bankruptcy court's order is the last word on the issue, and Reach cannot now use a collateral attack to circumvent the normal appellate process. *See Okla. State Treasurer v. Linn Operating, Inc. (In re Linn Energy, L.L.C.)*, 927 F.3d 862, 867 (5th Cir. 2019) ("[W]hen parties to a bankruptcy case have been given a fair chance to challenge . . . a provision of a plan approved by the bankruptcy court during the case and fail to do so, they cannot challenge the court's order later through a collateral attack." (internal quotation marks omitted)).

## III.

For the foregoing reasons, we AFFIRM.